## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| Greg Bigleman, | ) | Civil Action No.: 3:18-cv-00276-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Kennametal Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Greg Bigleman filed this action against his former employer, Defendant Kennametal Inc., alleging that he was subjected to retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, South Carolina Human Affairs Law ("SCHAL"), S.C. Code Ann. §§ 1-13-10 to -110 (2019), and the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981. (ECF No. 8 at 5 ¶ 26–8 ¶ 45.) Plaintiff also alleges a state law claim for breach of contract. (ECF No. 8 at 4 ¶¶ 18–25.)

This matter is before the court on Defendant's Bill of Costs requesting that Plaintiff be taxed costs totaling $8,060.49. (ECF No. 57.) Defendant's claim for $8,060.49 is itemized as follows: $ 400.00 for fees of the clerk; $5,487.73 for printed or electronically recorded transcripts necessarily obtained for use in the case; and $2,172.76 for other deposition-related travel costs. (ECF No. 57-1.) In response to Defendant's Motion, Plaintiff argues that Defendant is not entitled to recover costs because: (1) Defendant's Motion for Summary Judgment "makes no requests for costs" (2) neither the Report and Recommendation nor this court's order or judgment form specifically grants costs, (3) "there would be an element of injustice due to the closeness and difficulty of the issues decided"; and (4) if granted, the costs would "work an enormous hardship" on Plaintiff while having a "chilling effect" on a plaintiff's ability to seek redress for retaliation under Title VII. (ECF No. 58 at 3.)

Rule 54(d)(1) provides in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Local Rule 54.03 contemplates filing a bill of costs which generally details the items set forth in the relevant statutes and rules that can be redeemed. 28 U.S.C. § 1920 establishes that a judge or clerk of any court of the United States may tax the following items: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. *See Crotty v. Windjammer Vill. of Little River, S.C., Prop. Owners' Ass'n, Inc.*, No. 4:15-CV-04042-RBH, 2019 WL 1900683, at \*3 (D.S.C. Apr. 29, 2019).

Further, in the Fourth Circuit, Rule 54(d) "creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F. 3d 442, 446 (4th Cir. 1999) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Teague v. Bakker*, 35 F. 3d 978, 995–96 (4th Cir. 1994)). "To overcome the presumption of awarding costs, a district court 'must justify its decision [to deny costs] by articulating some good reason for doing so.'" *Id.* (internal quotation marks omitted) (quoting *Teague*, 35 F. 3d at 996). "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award," citing *Delta Air Lines*, 450 U.S. at 355 n.14, or when "the losing party's inability to pay will suffice to justify denying costs." *Cherry*, 186 F. 3d at 446 (quoting *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F. 2d 219, 222 (7th Cir. 1988)). The Fourth Circuit has "recognized additional factors to justify denying an award of costs, such as their excessiveness in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided." *Id.* (citing *Teague*, 35 F. 3d at 996).

"Although the losing party's good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.*

Here, Defendant was the prevailing party. *See Cherry*, 186 F. 3d 442 (awarding bill of costs for party which prevailed on summary judgment); *see also Scoggins v. Honeywell Int'l, Inc.,* No. CIV.A. 2:11-3028-PMD, 2013 WL 273313, at *2 (D.S.C. Jan. 24, 2013) (rejecting argument that case dismissed on summary judgment was not eligible for bill of costs). Plaintiff argues that granting costs, "would work an enormous hardship" on him. (ECF No. 58 at 3.) A court may deny costs when the losing party is "of such modest means that it would be unjust or inequitable to enforce Rule 54(d)(1) against her." *Cherry*, 186 F. 3d at 447. Indeed, courts have denied costs when the losing party convincingly demonstrates its inability to pay. *See e.g. Jeter v. Allstate Ins. Co.*, 2017 WL 5593296, at *2 (D.S.C. Mar. 28, 2017) (denying prevailing party's bill of costs in part because the losing party provided evidence that he was sixty years old, ran a small business, was the sole provider for his family, and stated that paying the costs would be a substantial hardship). However, the Fourth Circuit, in *Cherry* has clearly established that the hardship factor is one to be objectively determined by the court. *Cherry* 186 F. 3d at 447. Upon its review, the court observes that, beyond mere argument, Plaintiff has not demonstrated either an inability to pay costs or that an injustice would occur if he was required to pay costs. To the contrary, based on the record, the court observes that Plaintiff's last known salary is over $100,000, which is "sufficient income to satisfy [the] Bill of Costs." (ECF No. 38-2 at 6.) *See Cherry*, 186 F. 3d at 447 (finding that income between $70,000 and $100,000 was objectively "sufficient to satisfy bill of costs.") Accordingly, without contrary evidence establishing Plaintiff's modest means or hardship, the court determines that Plaintiff is objectively able to satisfy costs.

Next, Plaintiff argues that the court should not award costs because of the "closeness and difficulty of the issues decided." (ECF No. 58 at 2-3.) While the court acknowledges that "closeness of the issues" is one of the established reasons to deny costs, the court observes that the employment dispute in this action was not a unique or complex legal situation, but rather was a standard dispute that was resolved on a summary judgment motion. Therefore, this situation does not meet the criteria for what courts generally recognize as close for purposes of Rule 54(d)(1). *See Grochowski v. Sci. Applications Int'l Corp.*, No. CV ELH-13-3771, 2017 WL 121743, at *4 (D. Md. Jan. 12, 2017) ("The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case. Courts that have denied costs based on this factor generally have done so following a lengthy trial that adjudicated novel issues." (internal and external citations omitted)).

The court next considers Plaintiff's argument that he brought the case in good faith and therefore, it is unfair to assign costs to him. "Most circuits, including the Fourth Circuit, have rejected the argument that an unsuccessful Title VII plaintiff's good faith in bringing the suit will likewise shield her from being taxed with her opponent's costs." *Keeshan v. Eau Claire Coop. Health Centers, Inc.*, 394 F. App'x 987, 998 (4th Cir. 2010). Therefore, Plaintiff's representation that he brought his case in good faith does not weigh in favor of denying costs.

The court also considers Plaintiff's arguments that Defendant made no request for costs in its Motion for Summary Judgment and the court did not check the box for a pre-written option. While Plaintiff is correct that Defendant made no request for a Bill of Costs in its Motion for Summary Judgment, Plaintiff offers no authority establishing that Defendant is required to do so. As mentioned, the court is to rely on sound legal principles when making decisions, not bare unsupported arguments. In this regard, the court is guided by the Fourth Circuit precedent, which

states, that Rule 54(d)(1) "creates the presumption that costs are to be awarded to the prevailing party" and that "[t]o overcome the presumption, a district court 'must justify its decision [to deny costs] by articulating some good reason for doing so.'" *Cherry*, 186 F. 3d at 446, quoting *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). If a district court is silent on the issue of costs, the presumption is that they should be awarded. *See Healix Infusion Therapy, Inc. v. HHI Infusion Servs.*, 561 F. App'x 560, 561 (7th Cir. 2014) ("A district court is entitled to treat a silent judgment as one allowing costs, given the presumption in Fed.R.Civ.P. 54(d)(1), and prudent counsel therefore will treat a silent judgment as starting the time to seek costs…"). The decision of a court clerk to check the box for "other" in the judgment is not a basis on which to deny an award that would otherwise "be allowed to the prevailing party." Plaintiff has not alleged any misconduct on the part of Defendant, nor has he alleged that any of the costs are excessive or exceeding the true value. Further, Defendant was not required to request the bill of costs in its Motion for Summary Judgment.

Finally, Plaintiff argues that granting costs would "have a chilling effect" on other plaintiffs seeking redress under Title VII. The Fourth Circuit, in *Cherry*, rejected a similar argument, stating:

> …the district court refused to award costs [due to its consideration of the effect it would have on] the public interest [and its effect] on individuals to pursue Title VII actions. In taking the nature of the underlying litigation into account, the district court misconstrued the rule.

The Fourth Circuit expounded on this point by highlighting the fact that Title VII, like many federal statutes, already "contain incentives" such as allowing the prevailing party to collect reasonable attorneys' fees and "advances the congressional purpose to encourage suits by victims of discrimination while also deterring frivolous litigation." *Cherry* at 448 (citing 42 U.S.C. § 2000e-5(k)). The Fourth Circuit concluded that "it is not for the district courts to add an exception to Rule 54(d)(1)". (*Id.*) Accordingly, the court is not persuaded that considering the nature of the underlying

5

litigation is appropriate in its determination of costs.

As a result of the foregoing, the court finds that Defendant is the prevailing party and is entitled to costs associated with printed or recorded deposition transcripts, photocopies wherein the use in the case was specified in the Bill of Costs, and docket fees under § 1923, which all are properly taxable based on the information presented during the litigation of this matter. *Cf. SafeRack, LLC v. Bullard Co.*, C/A No. 2:17-cv-1613-RMG, 2019 WL 447316, at *3 (D.S.C. Feb. 5, 2019). However, Defendant has cited no authority to support granting deposition travel costs. As such, the court is "constrained to deny Defendant's counsel's travel expenses" in the amount of $2,172.76. *See In re Cardizem CD Antitrust Litig.,* 481 F.3d 355, 359 (6th Cir. 2007) ("The costs that courts may tax under FRCP 54(d) are confined to costs itemized in [the statute] …courts have discretion to decline requests for costs, not to award costs that the [statute] fails to enumerate."); *see also Abrams v. Wachovia Corp.*, No. CIV.A. 3:08-4073, 2010 WL 3169278, at *2 (D.S.C. Aug. 6, 2010) (allowing enumerated costs, but denying deposition travel costs).

Accordingly, the court **DENIES** Defendant Kennametal, Inc.'s request for reimbursement in the amount of $2,172.76 for costs associated with attorney travel expenses. The remainder of the costs are **GRANTED**. Plaintiff Gregg Bigleman is, therefore, **ORDERED** to pay Defendant in the total amount of $5,887.73, which is $2,172.76 less than the amount requested in the Bill of Costs. Plaintiff must pay Defendant within sixty (60) days of the date of this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 4, 2019
Columbia, South Carolina